# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW JOHNSON, | Case No. 2:20-cv-01270-KJD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| B. JOHNSON, et al., | |
| Defendants. | |

Presently before the court is pro se plaintiff Matthew Johnson's motion for appointment of counsel (ECF No. 14), filed on January 13, 2020. Defendants responded. ECF No. 20.

Johnson filed a lawsuit under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendment. ECF No. 1-1. The Court screened Plaintiff's claims in an Order entered on October 27, 2020. ECF No. 4. The Court found that Plaintiff plausibly stated one claim: a violation of the Fourth Amendment. The Court dismissed Plaintiff's claims under the Fifth and Eighth Amendments with prejudice after finding them inapplicable to the circumstances as a matter of law. *Id*. The Court also dismissed Plaintiff's Fourteenth Amendment claim, without prejudice, due to deficiencies of the factual allegations. *Id.*

Johnson requests a court-appointed attorney, arguing he has no access to the law library, that he does not know the rules of discovery, and that having an attorney would allow him to get access to footage in a body camera and fix whatever deficiencies may exist in his complaint. In its response, Defendants set forth the procedures the detention facility has in place to ensure Johnson has proper access to legal materials.

Johnson has previously filed a similar motion explaining that his incarceration limits his ability to investigate his claims, conduct legal research, and argue his case.  ECF No. 1-2. This court previously denied that request explaining that the circumstances Johnson found himself in did not constitute "exceptional circumstances." ECF No. 4. While the court sympathizes with Johnson, the court denies his motion under the same rationale.

## ANALYSIS

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Federal courts do not, however, have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) (forfeiture proceedings). "The court may appoint counsel . . . only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (Bivens action); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (Bivens action); *Burns v. City of King*, 883 F.2d 819, 824 (9th Cir. 1989) (per curiam) (§ 1983 action); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984) (Section 1983 action).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (*citing Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (§ 1983 action)); *see also Palmer*, 560 F.3d at 970; *$292,888.04 in U.S. Currency*, 54 F.3d at 569; *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (Section 1983 claims). Appointment of counsel may be justified when proceedings will go forward "more efficiently and effectively." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

Here, while the conditions of his confinement make Johnson's access to legal resources less than optimal, the court is satisfied he still has access to the information he needs. While Johnson's current housing at the Tonopah Conservation Camp does not have a law library on site, the facility provides him with a caseworker to assist him with legal research and gathering of materials from the law library located at the High Desert State Prison. As a result, this situation does not rise to the level of "exceptional circumstances." While it is early at this stage to evaluate the likelihood of success on the merits, the Court finds that Plaintiff properly pled at least one claim. Plaintiff seems to be able to properly articulate his claims, and the claims are not particularly complex. For those reasons, this request will be denied.

IT IS THEREFORE ORDERED that Plaintiff Matthew Johnson's motion for appointment of counsel (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall strike ECF No. 13 (a reply to Defendants' answer), as this is not a proper filing. Replies to answers are not permitted.

IT IS FURTHER ORDERED that ECF No. 19 is DENIED as moot.

DATED: February 16, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE